```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON

_____x
                              :
UNITED STATES OF AMERICA,     :    Criminal Action
                              :
              Plaintiff,      :    No.  2:12-cr-00207-3
                              :
v.                            :
                              :    Date:  February 7, 2018
PATRICK WARREN NAPIER,        :
                              :
              Defendant.      :
_____x


   TRANSCRIPT OF SUPERVISED RELEASE REVOCATION HEARING HELD
    BEFORE THE HONORABLE DAVID A. FABER, SENIOR STATUS JUDGE
               UNITED STATES DISTRICT COURT
                IN CHARLESTON, WEST VIRGINIA

APPEARANCES:

For the Government:        AUSA JOSHUA C. HANKS
                           U.S. Attorney's Office
                           P.O. Box 1713
                           Charleston, WV  25326-1713

For the Defendant:         GREGORY J. CAMPBELL, ESQ.
                           Campbell Law Offices
                           Suite 300
                           105 Capitol Street
                           Charleston, WV 25301

Probation Officer:         Jeff Bella


Court Reporter:            Ayme Cochran, RMR, CRR

Proceedings recorded by mechanical stenography;
transcript produced by computer.
```

*Ayme A. Cochran, RMR, CRR (304) 347-3128*

1        PROCEEDINGS had before The Honorable David A. Faber,
2    Senior Status Judge, United States District Court, Southern
3    District of West Virginia, in Charleston, West Virginia, on
4    February 7, 2018, at 1:36 p.m., as follows:
5           THE COURT:  The case before the Court this
6    afternoon is the United States against Patrick Warren
7    Napier.  This is docket number 2:207-3.
8        Will the attorneys note their appearances, please?
9           MR. HANKS:  Josh Hanks on behalf of the United
10   States, Your Honor.
11          MR. CAMPBELL:  Gregory Campbell on behalf of the
12   the defendant, Patrick Napier, who is present here in the
13   courtroom, Judge.
14          THE COURT:  Thank you, Mr. Campbell.
15       The matter is pending upon a petition filed seeking
16   revocation of the defendant's supervised release and a
17   number of amendments.
18       Mr. Campbell, have you had an opportunity to review all
19   of these papers and go over them with your client?
20          MR. CAMPBELL:  I have, Your Honor.
21          THE COURT:  Are you ready to proceed today?
22          MR. CAMPBELL:  Yes, sir.
23          THE COURT:  All right.  Mr. Napier, you're -- you
24   can be seated.
25       Mr. Napier, you're charged with numerous violations of

1   your supervised release as more particularly set forth in
2   the petition and its amendments.  I won't go through them
3   one by one, but I do want to advise you that, as a general
4   matter, the possession of a firearm, destructive device --
5   excuse me.  Commission of another crime, unlawful possession
6   of a controlled substance, possessing of a firearm while on
7   supervised release, leaving the judicial district, failure
8   to answer truthful inquiries by your probation officer,
9   failure to notify your probation officer at least ten days
10  prior to change in employment, failure to notify the
11  probation officer within 72 hours of being arrested and
12  failure to complete participation in a program of counseling
13  and treatment for drug and alcohol abuse.
14       You have the right to written notice of the alleged
15  violations and disclosure of the evidence against you, the
16  right to deny the truth of the charges and put the burden on
17  the United States to prove them by preponderance of the
18  evidence, the right to counsel at all stages of the
19  proceedings, the right to remain silent, the right to
20  confront and cross examine any government witnesses against
21  you and the right to present witnesses and other evidence on
22  your own behalf, if you so desire.
23       Mr. Campbell, let me ask you what your client's
24  position is with regard to the charges here?
25            MR. CAMPBELL:  Your Honor, the last hearing we had

1   before Judge Johnston, the petition was held in abeyance and
2   Mr. Napier went to Recovery Point.  Prior, prior to the
3   court holding everything in abeyance, we did not contest any
4   of the charges that -- I guess through the second -- we're
5   on the third amendment.  We didn't charge [sic] anything
6   from the Second Amendment back to the origin.  I do believe
7   there might have been some discussion on this one about the
8   firearm, but it didn't -- I believe it was inoperable.  So,
9   I think our B violation got more or less from the controlled
10  substances.
11       So, like I say, as to -- as to -- we didn't contest
12  from the second petition back and we do not contest the
13  charges here in the third petition, Judge, third amended --
14  the last petition.
15            THE COURT:  All right.  Mr. Hanks, are you
16  satisfied with that or do you want to present anything else
17  today?
18            MR. HANKS:  No.  I'm satisfied, Your Honor.  We
19  covered a great deal of that in the previous hearing and I'm
20  satisfied with the defendant's admissions through counsel.
21            THE COURT:  All right.  I find that the matters of
22  record, including the original Presentence Report, contains
23  sufficient information for me to proceed to a resolution of
24  this matter today.
25       I further find that the guideline calculations are as

1 follows: The most serious grade of violation is a B. The
2 Criminal History Category is I. This yields a statutory
3 custody range of 24 months and supervised release under the
4 statute of at least 36 months less any term of imprisonment
5 imposed.
6     The guideline provisions are 4 to 10 months of
7 incarceration and a supervised release term of 36 months
8 less any imprisonment imposed.
9     The court notes that under the *Davis* case of the Fourth
10 Circuit decided in 1995, the guideline range and revocation
11 matter is advisory and the maximum statutory range of
12 imprisonment here would be 24 months.
13     Mr. Campbell, I'll hear any argument you care to make
14 on what you believe the appropriate resolution of this
15 matter might be.
16         MR. CAMPBELL: Your Honor, I would ask the court
17 to strongly consider sentencing Mr. Napier within the
18 guideline range and -- which could be, in this case, up to
19 10 months, 4 to 10 months. And then, Judge, after that, I
20 would ask the court not to impose any more supervised
21 release and to let him -- let this case expire after this
22 term of supervised release is over. I ask that, Judge --
23 the last time, it appears that -- Judge, I've been with Mr.
24 Napier. I mean, you know, he can be a good person, but he
25 has a serious, tremendous drug problem, but he couldn't even

1   stay in Recovery Point long enough.  He's got, though,
2   Judge, the one thing he does have that most of the people
3   that stand before you don't have, or at least most of my
4   clients don't have, is he has tremendous family support.
5   His mother and her husband have just gone above and beyond
6   board to help Patrick.
7        When he gets through with incarceration, I've talked to
8   her.  She is still there for him, but it would seem to me,
9   Judge, that after going through the petitions and seeing the
10  violations and everything else, that perhaps the best thing
11  to do is let him pay for this violation through the federal
12  court system, release him from the federal system and, to
13  the extent that he commits crimes, most of these charges
14  seem to be small crimes or drug-related, let those be
15  handled -- if, in fact, he's charged, let those be handled
16  at the state level.
17       But Mr. Napier has been in federal prison.  He has --
18  he's pulled time in county jails.  He has -- he's been under
19  supervision for sometime, whether -- whether he wasn't
20  always the best supervisee but, I mean, he's been under
21  supervision and I would just ask the court to consider that
22  after a guideline sentence here, which would serve at least
23  -- I don't know how much of a deterrent prison is to Mr.
24  Napier.  It seems to be drug-fueled when he gets out.  It
25  would certainly be a deterrent to others, a guideline

1　sentence. I mean, anywhere from 4 to 10 months is plenty of
2　time for him to serve, get this over with, and get back out
3　and see if he can get straightened up and that's what I
4　would ask the court to consider. Thank you.
5　　　　　　　THE COURT: Thank you, Mr. Campbell.
6　　　　Mr. Napier, anything you want to say to me before I
7　sentence you here?
8　　　　　　　THE DEFENDANT: Yes, sir. I do appreciate you
9　letting me speak today and, like he said, I do prison
10　alright. You know what I mean? I do my time. I don't
11　bother anybody.
12　　　　Out on the street, as you can see, these charges here,
13　I was -- I wasn't selling drugs. I wasn't out selling
14　drugs. I mean, yeah, was I doing not exactly what I was
15　supposed to do? Yeah. I wasn't -- wasn't doing -- you know
16　what I mean? I got -- I had some things that I had some
17　problems with, as far as, you know, doing drugs and whatnot.
18　　　　A lot of those base from, you know, I've lost custody
19　of my children along the way. I had a trucking company
20　where I was owner and operator. I hauled coal. I had a
21　small construction company here in West Virginia. That all
22　went kaput. I turned in the manner that I shouldn't turn,
23　which would be using drugs. That's no excuse for doing what
24　I did or selling drugs when I got this charge originally
25　before I went to prison.

1   I stand here before you going to -- through more and
2 more rehab, or going to the rehab in the manner that I did,
3 I got thrown out of it. I was with a guy that stole a can
4 of pop and they said I grabbed a candy bar. I didn't grab
5 no candy bar, but the boy I was with did steal a pop.
6   You know, I hope you can show some leniency. Then, I
7 want to get back out there and go to work. If you'll read
8 my PSI report, sir, since I've been a young man, I've
9 worked.
10   I'm from a coal mining family. We've been coal truck
11 drivers or truck drivers or coal miners. And, like I say, I
12 want to work. The coal fields are starting to pick back up
13 a little bit now that we've got Mr. Trump in there. So, I
14 would love to get out there and get to work.
15   Where I was at, where I was on paper, was down in that
16 area. There wasn't much going on. Through some depression
17 of getting back there out on the street and getting
18 incarcerated and whatnot, I turned to the wrong manner.
19 Like I said, not having my children around, I turned in a
20 bad way. I was doing drugs and stuff like that that I
21 shouldn't have been doing.
22   The coal fields are picking back up. I want to get out
23 there and get to work. So, if I can get this sentence out
24 of the way and get back to work as soon as I can and be done
25 with all this, I sure would appreciate it. And God bless

1 you.

2 THE COURT: Okay. Mr. Hanks?

3 MR. HANKS: Your Honor, the thing that's, I think,
4 apparent from the record here is that Mr. Napier cannot, or
5 will not, at least, abide by the conditions imposed by the
6 court and his probation officer. He's been afforded many,
7 many opportunities, treatment, reintegration, all the
8 services that Probation can provide.

9 It's also clear to me that despite having been provided
10 those opportunities, he's expressed no interest in
11 completing anything that he started with them. The threat
12 of additional jail time hanging over his head apparently
13 makes no difference whatsoever.

14 So, you know, the court -- the United States' position
15 here, and I've consulted with the probation officer, as
16 well, is whatever sentence the court imposes, simply do not
17 -- and we would just ask that you not re-impose any term of
18 supervised release and we could -- we wish Mr. Napier the
19 best of luck. Hopefully, he can get employed and go about
20 his business, but I think that we've done everything that
21 the courts can do for him and then we just need to move on.

22 THE COURT: Well, it's clear to me from the long
23 record of violations here that Mr. Napier is not amenable to
24 supervision at all. Do you agree with that?

25 MR. HANKS: I do. There's really no indication

1 that he's responsive at all.

2 THE COURT: Okay. Having said that, in light of
3 that, do you think that a sentence at the top of the
4 guidelines here is adequate in this case to satisfy the
5 statutory objectives of sentencing here?

6 MR. HANKS: Well, I thought about that, Your
7 Honor. You know, most of these violations are completely
8 self-destructive. You know, the firearm is troubling, but
9 the facts of that are vague enough as to who possessed it,
10 whether it was functional, that I hesitate to make the
11 strong argument based on the presence of that firearm. It's
12 uncomfortable as -- from a public safety point of view that
13 on at least one occasion, he was caught inhaling, you know,
14 whatever he was inhaling while in a car in a public place.
15 He also apparently resisted arrest with an officer.

16 You know, I could certainly make the case that he needs
17 to be, you know, given the maximum sentence. I think the
18 top of the guidelines on balance would be sufficient, but I
19 think very few people would really be able to make an
20 argument to -- you know, contrary to the court's decision to
21 impose the maximum, as well. So, just -- we would ask that,
22 you know, at least to the top of the guidelines and then no
23 more supervised release.

24 THE COURT: All right. That's what I'm going to
25 do, Mr. Napier. I find that your -- based on your record,

1  that any further term of supervised release would be not
2  only a waste of time, but it would place an undue burden
3  upon the Probation Department since you've just proven
4  yourself to be totally unable to cooperate with the terms of
5  your supervision.
6      So, I'm going to sentence you at the top of the
7  guidelines with no re-imposition of supervised release and
8  just hope the best for you.  I hope that you get dried out
9  while you're spending the ten months and then that you --
10 you'll do what you tell me you're going to and you'll go to
11 work and hopefully stay clean and reconnect with your
12 family.
13     And I think this is the best I can do for you.  I don't
14 think putting you in a rehab program or anything like that
15 is appropriate under the -- with a view toward your history.
16     So, having said all that, pursuant to the Sentencing
17 Reform Act of 1984, it is the judgment of the court that the
18 defendant, Patrick Warren Napier, is hereby committed to the
19 custody of the Bureau of Prisons to be imprisoned for a term
20 of 10 months.
21     The court finds that the violations are established by
22 a preponderance of the evidence and revocation is
23 appropriate in this case.
24     Is there any objection to the form of the sentence, Mr.
25 Campbell?

1         MR. CAMPBELL:  No, Your Honor.

2         THE COURT:  Mr. Hanks?

3         MR. HANKS:  No, Your Honor.  Thank you.

4         THE COURT:  Okay.  I've given you 10 months and

5 you will be off paper.  There will be no re-imposition of

6 terms of supervised release, Mr. Napier.

7     In view of the long list of violations here, I feel

8 like I'm giving you a real generous break here, and I hope

9 you make the best of it.

10         THE DEFENDANT:  Sir, I certainly appreciate you.

11 God bless you.

12         THE COURT:  Okay.  Court will be closed.

13    (Recess taken)

14         THE COURT:  I forgot to give you your appellate

15 rights, Mr. Napier.

16     You have the right to appeal the court's action here.

17 If you wish to appeal, you must file within ten days a

18 Notice of Appeal with the Clerk of this Court.  If you wish

19 to appeal and can't afford to hire counsel on appeal,

20 counsel will be appointed for you and, if you so request,

21 the clerk will file -- prepare and file forthwith a Notice

22 of Appeal on your behalf.

23         THE DEFENDANT:  Yes, sir.

24         THE COURT:  Now, is there anything else we need to

25 take care of?

```
1           MR. HANKS:  I think that covers it.  Thank you.
2           MR. CAMPBELL:  No, Your Honor.
3           THE COURT:  I usually ask counsel that question
4  and I didn't this time.
5           MR. CAMPBELL:  Thank you, sir.
6           THE COURT:  All right.  Thank you all.
7       (Proceedings concluded at 1:52 p.m., February 7, 2018.)
8
9  CERTIFICATION:
10      I, Ayme A. Cochran, Official Court Reporter, certify
11 that the foregoing is a correct transcript from the record
12 of proceedings in the matter of United States of America,
13 Plaintiff v. Patrick Warren Napier, Defendant, Criminal
14 Action No. 2:12-cr-00207-3, as reported on February 7, 2018.
15
16 s/Ayme A. Cochran, RMR, CRR                    June 11, 2020
17 Ayme A. Cochran, RMR, CRR                              DATE
18
19
20
21
22
23
24
25
```